```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF TEXAS
                  HOUSTON DIVISION
```

LISA MIMS, JOSHUA JACKSON,    §
                              §
     Plaintiffs,              §
                              §
v.                            §    CIVIL ACTION NO. H-15-644
                              §
JD OLIVER, DOES 1-20,         §
                              §
     Defendants.              §

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant JD Oliver's ("Oliver") Motion to Dismiss Plaintiffs' Complaint (Doc. 7). The court has considered the motion, the response, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Oliver's motion be **DENIED**.

### I. Case Background

Plaintiffs filed this action on March 11, 2015, against Oliver, a former professor at Prairie View A&M, alleging civil rights violations under 42 U.S.C. § 1983 and several related state law claims.

### II. Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. Fed. R. Civ. P.

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 18.

12(b)(6). When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F. 3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F. 3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of actions." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

### III. Analysis

In an extremely brief motion, Oliver argues that Plaintiffs' complaint should be dismissed because Plaintiffs "will not be able to offer any evidence" in support of their claims.[2] Plaintiffs respond that Oliver's motion is untimely because Oliver filed both

---

[2] See Doc. 7, Def.'s Mot. to Dismiss, p. 2.

2

his answer and the pending motion twenty-two days after the receipt of service and because Oliver's motion misstates the law.

Plaintiffs' argument that Oliver's answer was untimely filed is incorrect. Plaintiffs note that Oliver filed an answer and his motion to dismiss twenty-two days after receipt of service.[3] However, Rule 6 explains that the day Oliver received service is excluded from the court's calculation. Fed. R. Civ. P. 6(a)(1)(A). Oliver's answer and motion were therefore timely filed and Plaintiffs argument regarding this issue is without merit.

Plaintiffs are correct, however, that Oliver has not met the requirements to dismiss Plaintiffs' claims under Rule 12(b)(6). Accepting Plaintiffs' factual allegations as true and viewed in the light most favorable to them, Plaintiffs have alleged claims that plausibly entitle them to relief. See Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Oliver's argument that Plaintiffs will ultimately be unable to provide evidence for their claims is inappropriate for a Rule 12(b)(6) motion, which requires only that a plaintiff state a claim that is plausible on its face. See Twombly, 550 U.S. at 570.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Oliver's Motion to Dismiss be **DENIED.**

The Clerk shall send copies of this Memorandum and

---

[3] See Doc. 10, Pls. Resp. to Def.'s Mot. to Dismiss, p. 2.

Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 27th  day of August, 2015.

_____
U.S. MAGISTRATE JUDGE